948 F.2d 1295
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Stephanie Lee De FEE, Defendant-Appellant.
 No. 90-1257.
 United States Court of Appeals, Tenth Circuit.
 Nov. 18, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 Neither of the parties to this appeal have requested oral argument and, after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant was charged by indictment with causing the distribution of phenylacetic acid, a listed chemical, in violation of 21 U.S.C. § 841(g)(1). After Defendant's guilty plea, the district court imposed the statutory maximum sentence of five years imprisonment, followed by three years of supervised release. Defendant appeals the reasonableness of that sentence.
 
 
 3
 In its Memorandum of Sentencing Hearing and Report of Statement of Reasons, R. Vol. I Doc. 2, the district court, in response to Defendant's objection to the base offense level calculation contained in the presentence report, found that there was no sentencing guideline for the specific offense with which Defendant was charged. Id. at 1. The sentencing guidelines provide that, if the offense is a felony for which no guideline has been promulgated, the most analogous offense guideline should be applied and, further, "if there is no sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553(b) shall control." U.S.S.G. § 2X5.1.[1] The district court went on to find that there was no analogous guideline and, consequently, that the court was obliged to determine Defendant's sentence pursuant to 18 U.S.C. § 3553(b).[2] In determining that Defendant should be given the statutory maximum sentence of five years imprisonment, the district court considered the matters enumerated in 18 U.S.C. § 3553(a)(2),[3] as well as the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and applicable policy statements of the United States Sentencing Commission. R. Vol. I Doc. 2 at 3. The district court also noted Defendant's prior convictions, including drug-related offenses, and Defendant's continued drug use while the case against her was pending. Id. In addition to committing its considerations to writing, the district court also stated in open court its reasons for the sentence imposed. R. Vol. IV at 14-18.
 
 
 4
 When a sentence is imposed for an offense for which there is no applicable sentencing guideline, we review the sentence imposed to determine if it is plainly unreasonable.[4] 18 U.S.C. § 3742(e)(4).[5] We have reviewed the record before us and, in accordance with the district court's carefully articulated reasons for imposing this particular sentence, we do not find Defendant's sentence to be plainly unreasonable. The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The text and commentary of Sentencing Guideline § 2X5.1 reads as follows:
 Other Offenses
 If the offense is a felony or Class A misdemeanor for which no guideline expressly has been promulgated, apply the most analogous offense guideline. If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553(b) shall control.
 Commentary
 Background: Many offenses, especially assimilative crimes, are not listed in the Statutory Index or in any of the lists of Statutory Provisions that follow each offense guideline. Nonetheless, the specific guidelines that have been promulgated cover the type of criminal behavior that most such offenses proscribe. The court is required to determine if there is a sufficiently analogous offense guideline, and, if so, to apply the guideline that is most analogous. Where there is no sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553(b) control. That statute provides in relevant part as follows: "In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in [18 U.S.C. § 3553] subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission."
 
 
 [2]
 The presentence report prepared by the probation office calculated a base offense level using the guideline applicable to possession of phenylacetone. The district court rejected that guideline as sufficiently analogous for two reasons. First, the district court refused to assume, as the presentence report did, that phenylacetic acid could be used to manufacture phenylacetone, because such an assumption had not been established by a preponderance of the evidence in the proceeding against Defendant. R. Vol. I Doc. 3 at 2. Further, in order to analogize the phenylacetone guideline, the amount of phenylacetone which could be produced from a certain amount of phenylacetic acid would have to be determined. The presentence report made such a determination by assuming that the manufacturing process produced an average yield of 60 percent. The district court refused to make that assumption because there was no evidence of manufacturing yield presented in the proceeding against Defendant. Id
 
 
 [3]
 18 U.S.C. § 3553(a)(2) requires the sentencing court to consider the need for the sentence imposed--
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
 
 
 [4]
 The parties to this appeal do not dispute the district court's ruling that the sentencing guidelines do not apply in this case. Br. of Appellee at 10; Br. of Appellant at 9
 
 
 [5]
 18 U.S.C. § 3742(e)(4) states as follows:
 (e) Consideration.--Upon review of the record, the court of appeals shall determine whether the sentence--
 (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.